IN THE DISTRICT COURT IN AND FOR
THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. $6:10$-CV-1529-ORL-22-DAB

MARY COENE

    Plaintiff,

v.

CREDITORS INTERCHANGE RECEIVABLES MANAGEMENT, LLC.,

    Defendant.

_____/

**NATURE OF ACTION**

1.     This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

**JURISDICTION AND VENUE**

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

**PARTIES**

4.     Plaintiff, MARY COENE ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Sumter, and City of The Villages.

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.     Defendant, CREDITORS INTERCHANGE RECEIVABLES MANAGEMENT, LLC, ("Defendant") or ("CIRM") is a limited liability company who at all relevant times was

engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.      Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9.      Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

11.     Defendant sent Plaintiff initial written correspondence dated July 6, 2010 in which Defendant stated it was authorized to "initiate" collection efforts to recover an alleged debt owed by Plaintiff, and further threatened legal action by its statement that "if we are unable to come to terms on a repayment arrangement FIA CARD SERVICES, N.A. may forward your account to a lawyer to review for potential legal action." (See correspondence dated July 6, 2010, attached hereto as Exhibit "A").

12.     These representations indicated a likelihood of immediate collection actions by Defendant, overshadowing and obfuscating the notices required pursuant to 15 U.S.C. § 1692g(a) *et seq.*

13.     Furthermore, in its recitation of the required notices, Defendant stated that it would provide Plaintiff with the name of the "original credit grantor" upon written request, where the term "grantor" could not be readily known by a Least Sophisticated Consumer.

14.     Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

15.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 14.

16.     Defendant violated 15 U.S.C. § 1692g(a) by failing to meaningfully convey to Plaintiff the notices required by 15 U.S.C. § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692g(a);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

17.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 14.

18.    Defendant violated 15 U.S.C. § 1692g(b) by overshadowing the disclosures required by 15 U.S.C. § 1692g(a) during the thirty-day dispute period.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

### TRIAL BY JURY

19.    Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this _12th_ day of _October_, 20_10_.

Respectfully submitted,
**MARY COENE**

By: _____
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com